MICHAEL J. MURRAY, Respondent, v. NESTORE PELINO, Appellant. MICHAEL J. MURRAY, Respondent, v. NESTORE PELINO, Defendant and Third-Party Plaintiff-Appellant. JAMES D. MURRAY, Third-Party Defendant-Respondent.— The defendant and third-party plaintiff appeals from a judgment of the Broome County Court in favor of the plaintiff, based upon a jury verdict, in an action brought to recover for work, labor and services, and from a judgment in favor of the third-party defendant based upon a jury verdict of no cause of action, and from an order denying a motion of the defendant and third-party plaintiff for a new trial. The third-party defendant entered into a written contract with the defendant and third-party plaintiff wherein he agreed to construct a house for the defendant and third-party plaintiff for a specified sum. The contract included the work here involved and allegedly performed by plaintiff. Plaintiff had previously been employed upon the same job by the third-party defendant. He alleges, however, that on May 7, 1951, he was hired independently by the defendant and third-party plaintiff to complete some of the work, and that the third-party defendant had been discharged from the job and was no longer participating therein. Defendant denies any independent hiring and asserts that plaintiff was working for the third-party defendant and that the third-party defendant had been paid in full for the work involved, and seeks judgment over against the third-party defendant for any amount

which might be recovered by the plaintiff. It appears from this record without dispute that the third-party defendant had been paid in full for the contract price, plus some additions. Upon that state of the record the verdict of no cause of action in the third-party action was clearly against the weight of evidence. The documentary evidence indicates that the general contractor, the third-party defendant, was continuing to complete the house and that the plaintiff was working for him, thus sustaining defendant's theory. Upon the whole record we think the interests of justice require a new trial. The judgments and order are reversed, on the law and facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See 281 App. Div. 776.]